## LOUISE A. CHRISTIANO
*vs.*
## DOMENIC H. CHRISTIANO

Superior C˙ irt  Fairfield County  File No. 57368

MEMORANDUM FILED DECEMBER 7, 1943.

*Cummings & Lockwood,* of Stamford, for the Plaintiff.

*Leo Nevas,* of South Norwalk, for the Defendant.

O'SULLIVAN, J. On December 15, 1939, the plaintiff obtained, after an *ex parte* hearing, a decree of divorce in the Superior Court for Fairfield County. It was further adjudged that the defendant should pay her $15 a week as alimony. On January 4, 1941, the provision for alimony was revoked because of the plaintiff's misconduct subsequent to the decree. At that time, the trier made the observation that "it might be a good idea not to give her anything for a while and then, if she wants to behave herself, she could come in and ask for money." It is apparent from this statement that the trier's intention was to withhold future payments of alimony until the plaintiff had regained control of herself by refraining from an inordinate use of alcoholic liquor.

In the meantime, Mrs. Christiano resided in Darien and upon the stoppage of the alimony, the town was obliged to support her. In an effort to escape this burden, the town requested its counsel to file a motion on the plaintiff's behalf, seeking a reinstatement of the order for alimony. While technically the motion is the plaintiff's, the real party in interest is the town.

The statute gives broad judicial discretion to the court on the matter of modifying its orders as to alimony payable from income. The passage of terms of court presents no obstacle. "Any order for the payment of alimony from income may, at any time thereafter, be set aside or altered." Gen. Stat. (1930) §5182. No limitations are expressed therein and hence the extent of the court's power is circumscribed only by the bounds of judicial discretion. One basis recognized as capable of supporting such discretion is the misconduct of the wife subsequent to the decree. (Note 45 L.R.A. (n.s.) 875, 877.) If a divorced wife to whom weekly alimony has been awarded, chooses to indulge in riotous living, it would be contrary to common sense and justice to compel her former spouse to provide her with the wherewithal to continue a profligate life. My colleague was amply justified in altering the decree as he did.

Whether alimony once revoked or set aside may be reinstated, I make no effort to decide. All I determine at this point is that the motion should not be granted in view of the real proponent for reinstatement, coupled with the fact that too short a time has elapsed to make reasonably certain that the plaintiff's present good conduct is to be characteristic of her future and not merely of her present life.

The motion is denied.